Filing # 243257897 E-Filed 03/06/2026 03:08:33 PM

IN THE CIRCUIT COURT OF THE TWENTIETH JUDUCIAL CIRCUIT IN AND FOR
COLLIER COUNTY, FLORIDA

| | |
|---|---|
| JUDITH MINCH, an Individual<br><br>    Plaintiff,<br>v.<br><br>SUNBEAM PRODUCTS, INC., a Florida Corporation, NEWELL BRANDS, INC., and AMAZON.COM, INC., a Washington for-profit corporation,<br><br>    Defendants. | CASE NO.:<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, JUDITH MINCH, ("Plaintiff"), by and through her attorneys of record, Lisa A. Difilippo, Esq. and Michael-Anthony Pica, Esq. with the law firm of Difilippo & Pica, PLLC, hereby submit the following Complaint and Demand for Jury Trial against Defendants, SUNBEAM PRODUCTS, INC., ("SUNBEAM"), NEWELL BRANDS, INC. ("NEWMAN") and AMAZON.COM INC. ("AMAZON") (collectively hereinafter shall be referred to as "Defendants"), and alleges as follows:

1. This cause of action arises out of the serious, permanent, and life-altering physical injuries Plaintiff, JUDITH MINCH, sustained while using a heating pat known as the Sunbeam Heating Pad for Pain Relief XL King Size Soft Touch 4 Heat Settings with Auto-Off 12Inch x24Inch, Teal, (hereinafter referred to as the "Heating Pad(s)" and/or the "Product").

2. This action is for damages that exceed the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest, and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$50,001" in the civil cover sheet for the

"estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

## PARTIES

3. At all times material hereto, Plaintiff, JUDITH MINCH, is and was a resident of Collier County, Florida and is *sui juris.*

4. Defendant, SUNBEAM, is a Delaware corporation with its principal place of business located at 6655 Peachtree Dunwoody Road, Atlanta, GA 30328, and is registered in Florida as a Foreign Corporation with its Registered Agent listed as Corporation Service Company located at 1201 Hays Street, Tallahassee, FL 32301.

5. Similarly, Defendant, NEWELL, is a Delaware corporation, with a principal place of business located at 6655 Peachtree Dunwoody Road, Atlanta, GA 30328, and is registered in Florida as a Foreign Corporation with its Registered Agent listed as Corporation Service Company located at 1201 Hays Street, Tallahassee, FL 32301.

6. Defendant, SUNBEAM, designs, manufactures, markets, imports, distributes, and sells a variety of consumer home and kitchen products including, the Heating Pad that was involved in this incident that forms the basis of this Complaint.

7. Defendant, NEWELL, designs, manufactures, markets, imports, distributes, and sells a variety of consumer home and kitchen products including, the Heating Pad that was involved in this incident that forms the basis of this Complaint.

8. Defendant, AMAZON, is a Washington corporation, with its principle place of business located at 410 Terry Avenue North, Seattle, WA 98109.

9. Defendant, AMAZON.com Inc. ("AMAZON"), is a worldwide seller and distributor of products. Defendant, AMAZON, imported, sold, supplied, distributed, shipped, advertised, and/or marketed the Heating Pad.

10. Defendant, AMAZON, sold, distributed, advertised, marketed, and placed in the stream of commerce, the Heating Pad that is the subject of this litigation.

11. Defendants, SUNBEAM, NEWELL, and AMAZON, submitted themselves to the jurisdiction of this Honorable Court by doing personally or through its agents, at all times material hereto, the following acts:

    a. Committing a tortious act within this State by marketing, selling, and delivering a variety of pain relief products, including the Subject Heating Pad, to persons, firms, dealers, or corporations in this State. Such products were used by consumers in Florida, including JUDITH MINCH, in the ordinary course of commerce and trade;

    b. Conducting and engaging in substantial business and other activities in the State of Florida by marketing, importing, supplying, distributing, delivering, and selling a variety of pain relief products, including the Subject Heating Pad, to persons, firms, dealers, or corporations in this state via its distributors, wholesalers, dealers, and brokers. Such products were used by consumers in Florida, including JUDITH MINCH, in the ordinary course of commerce and trade;

    c. Conducting and engaging in substantial business and other activities in the state of Florida by advertising, merchandising, marketing, and selling defective heating pads, including the Subject Heating Pad, to persons, firms, or corporations in this state by regularly attending industry and trade shows in Florida where Sunbeam marketed, advertised, and displayed its products and distribution services to the

public, dealers, distributors, wholesalers, and brokers in the State of Florida;

d.  At or about the time of said injuries, Defendants engaged in marketing, advertising, and solicitation activities in Florida to promote the sale, consumption, use, maintenance and/or repair of its pain relief products, including the Heating Pad; and

e.  Defendants sold heating pads, including the Heating Pad subject to this litigation, with knowledge or reason to foresee that they would be shipped in interstate commerce and would reach the market of Florida and its users or consumers.

f.  The acts or omissions of Defendants caused injuries to persons in Collier County, Florida, including JUDITH MINCH.

12. Defendants, SUNBEAM and NEWELL, claim to "[provide] total wellbeing solutions for living a healthy, lively and fulfilling life[1]," and boasts that it has "provided convenient solutions to make everyday life better[2] for over 100 years.[3]"

13. On or about October 13, 2022, Plaintiff was using the Product for swelling in her left armpit/chest region, when the Heating Pad, based on knowledge and belief at the time, failed to automatically shut off and/or overheated, causing Plaintiff to sustain significant burns to her left breast.

14. Defendants, SUNBEAM, NEWELL, and AMAZON, sold a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers, including Plaintiff, JUDITH MINCH.

---

[1] *See* https://www.newellbrands.com/our-brands/sunbeam (last accessed on March 6, 2026)

[2] *Id.* (last accessed on March 6, 2026)

[3] *Id.* (last accessed on March 6, 2026)

15. More specifically, said defects manifest themselves when heated blankets overheat and/or do not automatically shut off as advertised, posing burn risk, as it did in this matter.

16. Defendants, SUNBEAM, NEWELL, and AMAZON knew, or in the exercise of reasonable care should have known, of the dangerous and defective condition of the Product.

17. Notwithstanding such knowledge, SUNBEAM, NEWELL, and AMAZON placed profit and financial gain ahead of consumer safety by continuing to manufacture, market, distribute, and sell the Product; by failing to adequately warn consumers of the serious and foreseeable risks posed by the defect(s); and by failing to timely recall or otherwise remove from the marketplace the unreasonably dangerous and defective Heating Pads, despite the substantial risk of significant injury to Plaintiffs and similarly situated consumers.

18. The Heating Pad failed to perform correctly, as designed and/or as intended, or as expected by a reasonable consumer during the Incident described above.

19. As a direct and proximate result of Defendants SUNBEAM, NEWELL and AMAZON's collective conduct, acts and omissions, Plaintiff, JUDITH MINCH, sustained severe and painful bodily injuries which caused physical deformity, permanent scarring, physical pain and suffering, mental anguish, emotional distress, and a loss of capacity for the enjoyment of life. Additionally, Plaintiff has incurred medical expenses and expects to incur future medical expenses.

## FACTS

20. This action arises out of Plaintiff's purchase and use of the Product that was designed and manufactured by Defendants, SUNBEAM and NEWELL, and was sold, imported, marketed, labeled, packaged, distributed and placed in the stream of commerce by Defendant, AMAZON.

21. On or about March 8, 2022, Plaintiff purchased the Product, specifically a Sunbeam, Heating Pad for Pain Relief XL King Size Soft Touch 4 Heat Settings with Auto-Off 12Inch x 24Inch, Teal, from Defendant, AMAZON's, website (Order No.: 113-1708845-0838602), as photographed below:

## Order Summary

Order placed March 8, 2022     Order # 113-1708845-0838602

| Ship to | Payment method | Order Summary | |
|---|---|---|---|
| Benjamin Minch<br>363 HUNTINGTON DR<br>NAPLES, FL 34109-1669<br>United States | Amazon Visa  ending in 1658<br>Earns 5% back on all items<br>( View related transactions ) | Item(s) Subtotal: | $29.99 |
| | | Shipping &<br>Handling: | $0.00 |
| | | Total before tax: | $29.99 |
| | | Estimated tax to be<br>collected: | $2.10 |
| | | Grand Total: | $32.09 |

 Sunbeam, Heating Pad for Pain Relief XL King Size SoftTouch 4 Heat Settings with AutoOff 12Inch x 24Inch, Teal,
Sold by: Amazon.com
Supplied by: Other
$29.99

22. Plaintiff utilized the Product purchased through AMAZON on or about October 13, 2022, and sustained a severe thermal injury to her left breast which caused her to lose her left papilla, otherwise known as the nipple and areola.

23. Plaintiff used the Heating Pad with reasonable expectations that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use.

24. Plaintiff, JUDITH MINCH, used the Heating Pad for its intended purpose and did so in a manner that was reasonable and foreseeable by Defendants, SUNBEAM, NEWELL, and AMAZON.

25. The Heating Pad, however, was defectively designed and manufactured, and failed to warn, in that it overheated and/or failed to shut off within reasonable time, and as a result, greatly injured Plaintiff during the ordinary, foreseeable and proper use of the Product.

26. The Product possesses defects that make it unreasonably dangerous for its intended use by consumers, such as Plaintiff, because they can unexpectedly overheat and fail to automatically shut off.

27. Plaintiff underwent months of wound care and plastic surgery intervention.

28. Plaintiff has sustained long-term and permanent impairment and faces uncertain medical complications.

29. Plaintiff's medical journey is expected to continue into the future, as she continues to suffer from great physical and emotional pain and distress and has been permanently disfigured.

30. As a direct and proximate result of Defendants' intentional concealment of such defects, their failure to warn consumers of such defects, their failure to remove a product with such defects from the stream of commerce, and their negligent design of such products, Plaintiff used an unreasonably dangerous heating pad, which resulted in significant and permanent bodily injuries.

## COUNT I
## STRICT LIABILITY
## (SUNBEAM AND NEWELL)

31. Plaintiff incorporates by reference each preceding paragraph as though set forth fully at length herein.

32. Based on information and belief, SUNBEAM operates as a subsidiary of NEWELL.

33. SUNBEAM and NEWELL are in the business of designing, assembling, testing, manufacturing, inspecting, distributing, importing, selling, and/or supplying pain relief products, including the subject heating pad (the "Heating Pad").

34. SUNBEAM and NEWELL imported, marketed, sold, and/or ultimately placed the Heating Pad into Florida's stream of commerce.

35. SUNBEAM and NEWELL products are popularly sold throughout the U.S. and can be found at a variety of retail stores both in person and online, including on AMAZON.com, a worldwide seller and distributor of products.

36. The Heating Pad was expected to reach and was encountered by consumers, including Plaintiff, without substantial change in the condition in which it was designed, assembled, tested, inspected, manufactured, imported, distributed, sold, and/or supplied by SUNBEAM and NEWELL.

37. At the time of Plaintiff's injuries, the Heating Pad was defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

38.  The Heating Pads were in the same or substantially similar condition as when they left the possession of the Defendants, SUNBEAM and NEWELL.

39. Plaintiff did not misuse or materially alter the Heating Pad.

40. The Heating Pad did not perform as safely as an ordinary consumer would have expected it to perform when used in a reasonably foreseeable way.

41. Further, a reasonable person would conclude that the possibility and risk of serious harm outweighs the burden or cost of making the Heating pads safe. Specifically:

    a) The Heating pads designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

b) The seriousness of the potential burn injuries resulting from the product drastically outweigh any benefit that could be derived from its normal, intended use;

c) Defendants failed to properly market, design, manufacture, distribute, supply, and sell the Heating pads, despite having extensive knowledge that the aforementioned injuries could and did occur;

d) Defendants failed to warn and place adequate warnings and instructions on the Heating pads;

e) Defendants failed to adequately test the Heating pads; and

f) Defendants failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff's injuries and damages.

42. Defendants' actions and omissions were the direct and proximate cause of Plaintiff's injuries and damages.

43. As a direct and proximate result of Defendants' negligence, JUDITH MINCH suffered severely painful and disfiguring burns and other injuries to her body, and the resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and JUDITH MINCH will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, and all such other relief as the Court deems just and proper under the circumstances. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## COUNT II
## STRICT PRODUCT LIABILITY - FAILURE TO WARN
## (AMAZON)

44. Plaintiff incorporates and realleges paragraphs 1 through 30 as though fully set forth herein.

45. AMAZON is in the business of importing, marketing, packaging, labeling, selling, supplying, distributing, advertising and/or marketing various products.

46. AMAZON packaged, labeled, imported, sold, supplied, distributed, advertised and/or marketed the Heating Pad product at issue in this lawsuit that caused Plaintiff's catastrophic and continuing infection and injuries.

47. The Heating Pad imported, marketed, sold, distributed, and supplied by AMAZON was defectively designed and placed into the stream of commerce by AMAZON in a defective and unreasonably dangerous condition for consumers.

48. The Product was distributed and supplied by AMAZON in the ordinary course of its business and reached the Plaintiff without substantial change in the condition in which it was distributed.

49. At the time the Product left the possession and control of AMAZON, the product was defective and unreasonably dangerous because it was distributed without adequate warnings or instructions regarding the dangers associated with its reasonably foreseeable use.

50. More specifically, the Heating Pad imported, packaged, labeled, imported, sold, supplied, distributed, advertised and/or marketed by AMAZON was defective and unreasonably dangerous for its reasonably foreseeable uses because it overheated and failed to automatically shut off.

51. AMAZON knew, or in the exercise of reasonable care, should have known that the Product posed a risk of injury to consumers when used in its intended or reasonably foreseeable manner.

52. Despite such knowledge, AMAZON failed to adequately warn or instruct consumers, including Plaintiff, JUDITH MINCH, of the Product's dangerous propensities, risks, and hazards.

53. The warnings and instructions accompanying the Product were inadequate, insufficient, or nonexistent, and failed to reasonably communicate the nature and extent of the risks associated with the Product's use.

54. AMAZON further failed to take reasonable steps to ensure that adequate warnings were provided to downstream consumers despite having the ability and opportunity to do so.

55. The lack of adequate warnings rendered the product defective and unreasonably dangerous when it left the possession and control of AMAZON.

56. A reasonable person would conclude that the possibility and risk of serious harm outweighs the burden or cost of assuring the Product is safe. Specifically:

    a. The seriousness of the potential burn injuries resulting from the Product's use drastically outweigh any benefit that could be derived from its normal, intended use;

    b. AMAZON failed to properly market, warn, distribute, supply, and sell the Heating Pad, despite having extensive knowledge that the aforementioned injuries could and did occur;

    c. AMAZON failed to warn and place adequate warnings and instructions on the Heating Pad; and

    d. Defendants failed to adequately test the Heating Pad.

57. Plaintiff was a reasonably foreseeable and intended user of the Heating Pad.

58. At all times material hereto, Plaintiff used the Product in a manner expected and intended to be used.

59. Plaintiff, JUDITH MINCH, suffered injuries as a direct and proximate result of her use of the contaminated, defective Product(s) which was marketed, prepared, packaged, distributed, sold and placed in the stream of commerce by AMAZON.

60. AMAZON is strictly liable to the Plaintiff for the harm proximately caused by the sale of an unsafe and defective Product.

61. As a direct and proximate result of Defendants' negligence, JUDITH MINCH suffered severely painful and disfiguring burns and other injury to her body, resulting in pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and JUDITH MINCH will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems just and proper under the circumstances. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

**COUNT III**
**NEGLIGENCE**
**(SUNBEAM AND NEWELL)**

62. Plaintiff incorporates and realleges paragraphs 1 through 30 as though fully set forth herein.

63. Defendants, SUNBEAM and NEWELL owed Plaintiff, as well as the public at large, the duty of reasonable care in designing, manufacturing, testing, inspecting, distributing, selling and/or marketing the Heating Pad, and/or to adequately warn of dangers presented by the Product's design.

64. Defendants, SUNBEAM and NEWELL, knew, or in the existence of ordinary care, should have known, that the Heating Pad was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

65. Alternatively, SUNBEAM and NEWELL knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing and/or marketing the Heating Pad, that the type of incident and resulting injuries and damages as described herein would have been prevented.

66. Alternatively, SUNBEAM and NEWELL had actual or constructive knowledge of the means of designing a heating pad that would not be inadequate and dangerous, and notwithstanding this knowledge, SUNBEAM and NEWELL failed to adequately design, equip and/or manufacture the product.

67. Alternatively, SUNBEAM and NEWELL negligently failed to give adequate or proper warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

68. Alternatively, SUNBEAM and NEWELL failed to prudently design, manufacture, test, inspect, market and/or sell the Heating Pad, and/or failed to include a reasonable and safer alternative to the subject defective condition.

69. As a direct and proximate result of Defendants' negligence, JUDITH MINCH suffered

severely painful and disfiguring burns and other injury to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and JUDITH MINCH will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, and all such other relief as the Court deems just and proper under the circumstances. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## COUNT IV
## NEGLIGENCE
## (AMAZON)

70. Plaintiff incorporates and realleges paragraphs 1 through 30 as though fully set forth herein.

71. AMAZON, as the seller, distributor, and supplier of the Products at issue in this action, owed a duty of reasonable care in the distribution, sale, packaging, labeling, marketing, advertising, and supplying of the Product.

72. AMAZON owed a duty of reasonable care to the consuming public, including Plaintiff, JUDITH MINCH, to not only ensure that the Product was safe for its intended use, but that its labeling adequately warned of any and all risks associated with its intended use.

73. AMAZON knew or should have known in the exercise of ordinary care, that the Product was defective and unreasonably dangerous to those persons likely to use the Product for the purpose and in the manner for which it was intended to be used.

74. AMAZON breached this duty of care owed to Plaintiff by failing to ensure that the Product was safe for use, as intended, and was properly tested and stored, and placed into the stream of commerce an unsafe and dangerous/adulterated product.

75. AMAZON was negligent in one or more of the following respects:

    a. Failure to use reasonable care which resulted in manufacture and distribution of an unsafe product.

    b. Failure to use reasonable care in design of its product to eliminate unreasonable risk of foreseeable injury.

    c. Failure to properly test or inspect the product.

    d. Failure to properly manufacture the product according to its intended use and design.

    e. Failure to warn of the dangers and/or complications associated with the intended use of its product.

    f. Failure to label or adequately warn of any and all risks associated with the product's use.

    g. Failing to disclose on its labeling or inform product users, such as Plaintiff, as to the of the known dangers of using the product.

    h. Failing to inspect, test, distribute and sell products free of unreasonable risk of harm to users when said product is used in its intended manner.

76. AMAZON packaged, labeled, imported, sold, supplied, distributed, advertised and/or marketed the Heating Pad and placed it in the stream of commerce where it was placed in the hands of Plaintiff.

77. Defendant manufactured, prepared, distributed, packaged, labeled, supplied, marketed, advertised, and/or sold the Product that overheated and failed to automatically shut off, and that was not reasonably safe as designed, manufactured or sold.

78. AMAZON was negligent in how it prepared, distributed, packaged, labeled, supplied, marketed, advertised, and/or sold the dangerous Product which caused injuries to Plaintiff.

79. AMAZON breached its duties to Plaintiff and as a result, Plaintiff suffered damages, including permanent injuries and permanent disfigurement.

80. As a direct and proximate result of Defendants' negligence, JUDITH MINCH suffered severely painful and disfiguring burns and other injury to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and JUDITH MINCH will suffer losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, and all such other relief as the Court deems just and proper under the circumstances. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## PRAYER FOR RELIEF AND DAMAGES

81. As a direct and proximate result of the negligence of Defendants, Plaintiff, JUDITH MINCH, has suffered bodily injury, including permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, emotional distress, loss of enjoyment of life, medical expenses, hospitalization expenses, pharmaceutical expenses, travel and travel-related expenses, loss of earnings, loss of ability to earn money, and loss of ability to leas and enjoy a normal life. These losses are either permanent or continued and Plaintiff will continue to suffer losses in the future.

82. Furthermore, Defendants' actions and omissions more than just the mere result of negligence, but also constituted a pattern and practice of reckless indifference and conscious disregard for consumer safety, making the imposition of punitive damages appropriate.

83. WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

   a.  That the Court award Plaintiff judgment against Defendants for past and future economic and non-economic damages;

   b.  That the Court award all such other sums as shall be determined to fully and fairly compensate Plaintiff for all general, special, incidental and consequential damages incurred, or to be incurred, by Plaintiff as the direct and proximate result of the acts and omissions of Defendants;

   c.  That the Court award Plaintiff costs, disbursements and reasonable attorneys' fees incurred (to the extent recoverable and if permitted);

   d.  Pre- and post-judgment interest at the highest rate allowed by law;

   e.  Punitive pursuant to F.S. § 768.72 and/or exemplary damages;

   f.  That the Court award Plaintiff the opportunity to amend or modify the provisions of this Complaint as necessary or appropriate after additional or further discovery is completed in this matter, and after all appropriate parties have been served; and

   g.  That the Court award such other and further relief as it deems necessary and proper in the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff JUDITH MINCH hereby demands a jury trial as to all issues triable by a jury.

Respectfully submitted on this 6th day of March 2026.

**ATTORNEYS FOR PLAINTIFF**

DIFILIPPO & PICA, PLLC
2733 Oak Ridge Court, Suite 102
Fort Myers, FL 33901
Tel.: (239)420-5472
Fax: (786)475-5909

By:    /s/ Lisa A. Difilippo
Lisa A. Difilippo, Esq.
Fla. Bar No.: 115334
Primary Email: Lisa@dplaw.com
Secondary Email: paralegal@dplawfl.com

*/s/ Michael-Anthony Pica*
Michael-Anthony Pica, Esq.
Fla. Bar No.: 15632
Primary Email: Michael-anthony@dplawfl.com
Secondary Email: paralegal@dplawfl.com